The following constitutes
the order of the court. Signed October 18, 2012

_____
**Roger L. Efremsky**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| In re LOAAN VO AND THUAN DINH TRUONG, | Case No. 11-73404 |
| | Chapter 13 |
| | **MEMORANDUM DECISION RE** |
| Debtors. | **TRUSTEE'S OBJECTION TO** |
| | **CONFIRMATION** |

**A. Introduction**

    Loann Vo and Thuan Dinh Truong ("debtors") filed this
chapter 13 case on December 28, 2011, approximately seven months

//
//
//
//

*11-73404 Decis.Conf.Obj.*                    -1-

after Vo had received a discharge in a prior chapter 7 case.[1]
Bankruptcy Code § 1328(f) precludes the granting of a discharge
for Vo in this case.[2] The only issue before the court is whether
debtors' plan can be confirmed over the trustee's objection which
is based on the fact that their plan proposes to strip liens when
Vo is not entitled to a discharge.

**B. Jurisdiction**

This court has subject matter jurisdiction of this
proceeding pursuant to 28 U.S.C. § 1334. This is a core
proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (K), (L), (O).

**C. Background**

    **1. Debtors' Schedules**

On schedule A, debtors list a rental property with a value
of $143,000. Docket no. 1. On schedule D, debtors state Bank of

---

[1] Vo has had two prior cases. See chapter 13 case no. 09-71731, filed December 8, 2009 and dismissed May 18, 2010 and case no. 10-47177, filed as a chapter 13 case on June 24, 2010. Vo's schedules in this second case listed assets of $414,416 and liabilities of $704,510 of which $694,716 was secured, $9,793 was unsecured non-priority. Vo confirmed a plan in this case, obtained an order avoiding the lien held by Wells Fargo Bank, N.A. on real property in Hayward which was then identified as her principal residence. Vo requested voluntary conversion to chapter 7 on February 10, 2011. Amended Schedule I and J filed at the time of conversion showed that Vo had become unemployed. Vo's discharge was entered on May 25, 2011.

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all Bankruptcy Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and all Civil Rule references are to the Federal Rules of Civil Procedure.

Case: 11-73404   Doc# 31   Filed: 10/18/12   Entered: 10/18/12 12:23:57   Page 2 of 8

America holds the first priority lien on this property securing a debt of $234,249 and Wells Fargo Bank, N.A. ("Wells Fargo") holds a second priority lien securing a debt of $179,274. Docket no. 1.

**2. Debtors' Chapter 13 Plan and the Objections**

Debtors' chapter 13 plan calls for payment of $3,155.24 per month for 60 months, a pro tanto distribution to unsecured claims, and pre-confirmation adequate protection payments and post-confirmation payments to Bank of America for its first priority lien on their rental property. Docket no. 2. The plan includes two "special intentions": (1) debtors intend to file a motion to avoid Wells Fargo's lien on their rental property because it is wholly unsecured and Wells Fargo's claim will be treated as unsecured; (2) debtors intend to file a motion to value the Bank of America lien because it is partially unsecured and part of this claim will be treated as unsecured.

The trustee and Bank of America filed objections to confirmation. The trustee's objection and request for dismissal argues that the plan can not be confirmed because debtors are attempting to strip a junior lien and cram down Bank of America's senior lien which they cannot do because they are ineligible for a discharge. Docket no. 13. (The trustee appears to believe that neither debtor is eligible for a discharge but Truong appears to be eligible.) Bank of America's objection states that the plan is not feasible because the plan does not provide for repayment of its pre-petition arrearage of approximately $85,000 and debtors do not have sufficient income to repay this over the 60 month plan term. Bank of America also objects to the plan's proposed valuation and cram down of its claim without debtors filing a

Case: 11-73404    Doc# 31    Filed: 10/18/12    Entered: 10/18/12 12:23:57    Page 3 of 8

properly noticed motion to value. Docket no. 12. However, in its June 15, 2012 pre-hearing statement, Bank of America said it had no objection to debtors' request for a continuance to await the court's decision on the chapter 20 lien stripping issue and a motion to strip down its lien. Docket no. 27.

### 3. Status of the Confirmation Process

The meeting of creditors was held and concluded on February 2, 2012. The trustee gave notice to all creditors that a confirmation hearing would be held on April 17, 2012 and the confirmation hearing was thereafter continued to June 19, 2012 at which point the trustee's objection was taken under submission.

### 4. Debtors' Motion to Value

Debtors filed a motion to avoid the Wells Fargo lien on April 6, 2012. Docket nos. 19-21. Wells Fargo was properly served with this motion but has not responded to it. Debtors have not requested a default order on this motion pending the court's ruling on the issues raised by the trustee's objection.

## D. Discussion

The trustee's objection raises one essential issue: may Wells Fargo's junior lien be stripped when the debtors are not entitled to a discharge.

### 1. Lien Stripping Does Not Depend on Discharge

The arguments for and against permitting lien stripping in the chapter 20 context are well established. The competing views are explained in In re Victorio, 454 B.R. 759 (Bankr. S.D. Cal. 2011), aff'd 470 B.R. 545 (S.D. Cal. 2012), In re Gerardin, 447 B.R. 342 (Bankr. S.D. Fla. 2011) (against allowing it), and In re

_Tran_, 431 B.R. 230 (Bankr. N.D. Cal. 2010), _In re Hill_, 440 B.R. 176 (Bankr. S.D. Cal. 2010), _In re Okosisi_, 451 B.R. 90 (Bankr. D. Nev. 2011), _In re Scantling_, 2012 WL 593218 (Bankr. M.D. Fla. 2011), and _In re Fisette_, 455 B.R. 177 (8th Cir. BAP 2011) (in favor of allowing it).

For the reasons explained in the court's October 15, 2012 Memorandum Decision in the case of Frances Renee North, 11-72843, docket no. 32, this court now joins the latter group of cases and endorses the reasoning of _Tran_ and _Hill_ and the cases reaching this outcome.

For the sake of brevity, the court will not repeat its reasoning here. The court finds that on the undisputed facts and the record in this case, Wells Fargo does not have an "allowed secured claim" and the fact that Vo is not entitled to a discharge does not preclude debtors from avoiding Wells Fargo's junior lien and treating Wells Fargo as an unsecured claim holder in this case. Upon completion of the plan, this lien stripping will be permanent. Accordingly, the trustee's objection based on this ground is overruled.

**2. Feasibility Issues are Unresolved**

Debtors' plan proposes to file a motion regarding the Bank of America first priority lien on debtors' rental property and this has not yet been done. Bank of America's objection to confirmation is thus unresolved. Until these issues have been resolved, the court is not in a position to confirm debtors' plan.

**3. Good Faith Issues**

Good faith is always a consideration in the chapter 13

confirmation context and the court has an independent duty to
review a chapter 13 plan to ensure it complies with the
Bankruptcy Code. <u>United Student Aid Funds v. Espinosa</u>, 130 S. Ct.
1367 (2010). The court may not confirm a plan without a finding
that the plan has been "proposed in good faith and not by any
means forbidden by law." § 1325(a)(3). The court must also find
that the action of the debtor in filing the petition was in good
faith. § 1325(a)(7). The court is guided here by <u>In re Warren</u>, 89
B.R. 87, 93-95 (9th Cir. BAP 1988) (court should not confirm
plans that are in essence veiled chapter 7 cases; listing good
faith factors), and <u>In re Goeb</u>, 675 F.2d 1386 (9th Cir. 1982)
(court must inquire whether debtor has misrepresented facts in
plan, unfairly manipulated the Code, or otherwise proposed plan
in an inequitable manner; though it may consider the
substantiality of the proposed repayment, court must make its
good-faith determination in light of all militating factors).

Here, debtors have unsecured debt of approximately $12,000
according to schedule F (docket no. 1, p. 17 of 39) and the
claims designated as claims 1, 2, 3, and 6 on the claims
register. Claims 4 and 5 were filed by Bank of America and Wells
Fargo, asserting secured debt of $272,787 and $177,364,
respectively. Debtors have no priority debt and no other secured
debt. Pursuant to their attorney's Rule 2016(b) statement, they
owe him $3,800 which will be paid through their plan. Docket no.
3. Their plan provides for monthly payments of $3,155.24 for 60
months and a pro tanto distribution to unsecured creditors.

On this record, the court sees no basis to question the
debtors' good faith and finds that § 1325(a)(3) and § 1325(a)(7)

Case: 11-73404   Doc# 31   Filed: 10/18/12   Entered: 10/18/12 12:23:57   Page 6 of 8

are satisfied.

**E. Conclusion**

Based on the foregoing, the trustee's objection to confirmation is overruled and the court requests the trustee to submit such an order.

The court can not find that the plan is feasible until debtors obtainn an order on the motion to value Wells Fargo's lien and resolve Bank of America's pending objection to confirmation. To resolve Bank of America's objection, debtors must obtain an order on their proposed motion to value Bank of America's lien. The court now requests that debtors (1) submit a default order regarding their motion to value the Wells Fargo lien; (2) file and serve a motion regarding their proposed treatment of the Bank of America lien; (3) restore this case to the court's December 11, 2012 confirmation calendar by serving appropriate notice to all affected parties.

* * * END OF MEMORANDUM DECISION * * *

*11-73404 Decis.Conf.Obj.*          -7-

1

2 **Court service list**

3 Trustee
   Martha G. Bronitsky
4 P.O. Box 9077
   Pleasanton, CA 94566
5
   Debtors
6 LoaanVo and Thuan Dinh Truong
   1678 Keller Ave
7 San Lorenzo, CA 94580

8 Debtors' Atty
   Joel J. Margolis
9 Law Offices of Joel J. Margolis
   20 S. Hillview Dr.
10 Milpitas, CA 95035

11 Wells Fargo Bank
   Home Equity Group
12 1 Home Campus X2303-01A
   Des Moines, IA 50328-0001
13 HEQBANKRUPTCYCH13@wellsfargo.com

14 Bank of America
   JaVonne M. Phillips, Esq.
15 Joseph Chun, Esq.
   McCarthy & Holthus, LLP
16 1770 Fourth Avenue
   San Diego, CA 92101
17

18 All ecf participants

19

20

21

22

23

24

25

26

27

28

*11-73404 Decis.Conf.Obj.*                    -8-